<u>NOT RECOMMENDED FOR PUBLICATION</u>
File Name: 20a0421n.06

No. 19-4081

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re: FRANKLIN D. HARRIS, JR.;<br>GWENDOLYN G. HARRIS, | ) | **FILED**<br>Jul 20, 2020<br>DEBORAH S. HUNT, Clerk |
| Debtors. | ) | |
| | ) | |
| FRANKLIN D. HARRIS, JR.; GWENDOLYN G.<br>HARRIS, | ) | ON APPEAL FROM THE UNITED<br>STATES DISTRICT COURT FOR<br>THE SOUTHERN DISTRICT OF<br>OHIO |
| Plaintiffs-Appellants, | ) | |
| v. | ) | |
| DANIEL COOLEY; KAYLAY COOLEY, | ) | |
| Defendants-Appellees. | ) | |

O R D E R

Before: COLE, Chief Judge; GUY and BUSH, Circuit Judges.

Franklin D. Harris, Jr., and Gwendolyn G. Harris appeal the district court judgment that affirmed the bankruptcy court's order dismissing their adversary proceeding. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

On July 7, 2015, the Harrises filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code. The bankruptcy court issued an automatic stay and a restraining order that enjoined creditors from commencing a suit against the Harrises or from interfering with the Harrises' property. After the bankruptcy court issued the stay, the Harrises' neighbors, Daniel and

Kaylay Cooley, filed a lawsuit against them, seeking removal of a privacy fence that allegedly encroached upon the Cooleys' property. *See Cooley v. Harris*, No. 17CIH00071 (Scioto Cty. C.P. filed May 24, 2017).

While the state court case remained pending, the Harrises filed a complaint in the bankruptcy court for an adversary proceeding against the Cooleys. At its core, the Harrises' complaint alleged that the Cooleys (1) violated the bankruptcy court order by filing their complaint in state court and (2) "continue to pursue to take control, take possession of, and to destroy the Property of the Bankruptcy Estate"—namely, "privacy fences" and "privacy fence gates"—to which the Harrises are entitled pursuant to the doctrine of adverse possession. They sought monetary, injunctive, and declaratory relief.

The bankruptcy court dismissed the Harrises' adversary proceeding on abstention grounds, reasoning that it would be more appropriate for the state courts to adjudicate the Harrises' claims. *See* 28 U.S.C. § 1334(c)(1). The Harrises appealed to the district court. The district court adopted the magistrate judge's report and recommendation and affirmed the bankruptcy court's order. The Harrises now appeal the district court's judgment.

Courts of Appeals lack jurisdiction to review a decision to abstain from a proceeding under 28 U.S.C. § 1334(c)(1). 28 U.S.C. § 1334(d). The bankruptcy court abstained from hearing the Harrises' adversary proceeding under § 1334(c)(1). Therefore, we lack jurisdiction to hear their appeal.

Accordingly, our Order of July 17, 2020 in this case is hereby vacated, and we **DISMISS** the appeal for lack of jurisdiction.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk